UNITED STATES COURT OF INTERNATIONAL TRADE

RSGA INCORPORATED

        Plaintiff,

v.                                                                  Court No. 22-00093

THE UNITED STATES OF AMERICA;
OFFICE OF THE US TRADE REPRESENTATIVE;
KATHERINE C. TAI, US TRADE REPRESENTATIVE;
US CUSTOMS AND BORDER PROTECTION, AND
CHRIS MAGNUS, COMMISSIONER OF US CUSTOMS
AND BORDER PROTECTION

        Defendants.

## **COMPLAINT**

Plaintiff, RSGA Incorporation, alleges the following:

1.      Plaintiff asks the Court to terminate the collection of customs duties that Plaintiff tendered under List 3 and 4A of the Section 301 tariffs on imported Chinese products and order Defendants to refund to Plaintiff all Section 301 customs duties that Plaintiff paid or is paying, plus interest. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 47,974 (Sept. 21, 2018) (publishing List 3); *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 84 Fed. Reg. 43,304 (Aug. 20, 2019) (publishing List 4A).

2.      The Court should set aside Defendants' actions as *ultra vires* and otherwise contrary to law, as well as order Defendants to refund (with interest) any duties paid by Plaintiff pursuant to List 3 and/or List 4A.

## PARTIES

3. Plaintiff is an importer of merchandise subject to duties under List 3 or 4A. Plaintiff seeks an end to the collection of the List 3 and 4A tariffs and a refund of all duties that it has paid and is paying, plus interest.

4. Defendants initiated and administered the Section 301 investigation at issue and enforced, received and collected the disputed tariffs.

## STANDING

5. Plaintiff has standing. Plaintiff paid duties and continues to pay duties as a result of tariffs illegally imposed pursuant to List 3 and List 4A. Plaintiff has, therefore, is a person adversely affected or aggrieved by an agency actions within the meaning of the Administrative Procedures Act. 5 U.S.C. § 702 and 28 U.S.C. § 2631(i).

## JURISDICTION

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(B).

## TIMELINESS

7. Plaintiff's action is timely under 28 U.S.C. § 1581(i)(1)(B).

## LAW

8. 19 U.S.C. § 2411(b) and 19 U.S.C. § 2412 authorize the United States Trade Representative ("USTR") to investigate whether a foreign country has engaged in an "unreasonable or discriminatory" practice that burdens or restricts U.S commerce.

9. Pursuant to 19 U.S.C. § 2411(c)(1)(B), if the investigation reaches an affirmative determination, the USTR may impose duties on imports from the offending country.

10.     Pursuant to 19 U.S.C. § 2414(a)(2)(B), USTR must determine what, if any, action to take within 12 months after the initiation of the investigation.

11.     The USTR may modify or terminate an action taken in furtherance of Section 301 when, among other reasons, the burden or restriction on United States commerce as a result of the acts, policies, or practices have increased or decreased or when the action is no longer appropriate. 19 U.S.C. § 2417(a)(1)(B), (C).

## **PROCEDURAL HISTORY**

12.     The USTR started investigating Chinese technology transfer and intellectual property practices on August 18, 2017. *Initiation of Section 301 Investigation; Hearing and Request for Public Comments: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 82 Fed. Reg. 40,213 (Aug. 24, 2017).

13.     The USTR published its report announcing the results of its investigation in OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, *Findings of the Investigation Into China's Acts, Policies, And Practices Related to Technology Transfer, Intellectual Property, and Innovation Under Section 301 of The Trade Act of 1974* (March 22, 2018). The report found that the investigated practices of the Chinese government were unreasonable and discriminatory and burden or restrict U.S. commerce.

14.     On June 20, 2018, the USTR published *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 28,710 (June 20, 2018), imposing an addition 25% *ad valorem* duty on selected products of China. This is "List 1."

15. On August 16, 2018, the USTR published *Notice of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 40,823, 40,823-24 (Aug. 16, 2018), imposing an additional 25% *ad valorem* duty on selected products of China. This is "List 2."

16. China retaliated by imposing duties on U.S.-origin goods.

17. The USTR responded by proposing to impose duties on additional Chinese-origin products. *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 33,608, 33,609 (July 17, 2018). See also *Statement by U.S. Trade Representative Robert Lighthizer on Section 301 Action* (July 10, 2018).

18. On July 10, 2018, President Trump on Twitter attributed the additional tariffs to the trade imbalance between the United States and China.

19. On August 1, 2018, the USTR announced that it would impose an additional 25% *ad valorem* duty on selected products of China. OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Statement by U.S. Trade Representative Robert Lighthizer on Section 301 Action (Aug. 1, 2018).

20. On September 17, 2018, President Trump announced that he had directed USTR to impose 10% additional tariffs on $200 billion of imports from China. THE WHITE HOUSE, Statement from the President (Sep. 17, 2018). The additional tariffs were explicitly linked to China's decision to "impose new tariffs in an effort to hurt the United States economy."

21. The USTR published the next list of affected products subject to the additional duties, so-called "List 3," on September 21, 2018. *Notice of Modification of Section 301 Action:*

*China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed, Reg, 47,974 (Sep. 21, 2018). This publication was more than 12 months after the initiation of the investigation on August 24, 2017.

22. In the Notice, the USTR justified the action as a modification of the existing Section 301 action because the burden on United States commerce had continued to increase, *citing* "Section 307(a)(1)(B)," 19 U.S.C. § 2417(a)(1)(B). USTR also stated that Chinese retaliation made the existing action no longer "appropriate," *citing* "Section 307(a)(1)(C)," 19 U.S.C. § 2417(a)(1)(C).

23. On May 17, 2019, the USTR announced its intention to proceed with the implementation of Section 301 duties on additional products in what would become so-called "List 4." *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 22,564, 22,564 (May 17, 2019). The rational for List 4 was not China's policies on technology transfer, intellectual property, or innovation. It was to punish China for its failure to meet specific commitments made in prior negotiations and its further retaliation against the U.S. *Id*.

24. On August 20, 2019, USTR announced that it would implement List 4 in two phases. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43,304 (Aug. 20, 2019). The USTR again relied on Section 307(a)(1)(B) and (C) for authority to modify its prior action. Nevertheless, the Notice does not identify intellectual property, technology transfer or innovation as the reasons for List 4. Rather, the Notice refers to China's defensive actions including retaliatory tariffs. This publication was more than 12 months after the initiation of the investigation on August 24, 2017.

25. On September 10, 2020, the first of thousands of actions challenging Section 301 List 3 and 4A on Chinese imports was filed with this court. See *HMTX Industries, et al, v. US*, case number. 20-00177. This court consolidated representative actions in *In re Section 301 Cases*, court number 21-00052 and stayed all other Section 301 List 3 and List 4a actions pending final disposition of *In re Section 301 Cases*. Plaintiff anticipates that its action will be similarly stayed.

## STATEMENT OF CLAIMS

## DECLARATORY JUDGMENT

26. The Court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

27. The USTR failed to base its imposition of Section 301 duties on the Chinese products in List 3 and List 4A on the acts or policies found to "burden or restrict" U.S. commerce as required by 19 U.S.C. § 2411(b)(1).

28. The USTR failed to take action to impose duties on List 3 and List 4A products from China within the 12-month period required by 19 U.S.C. § 2414(a)(1)(B) and (2)(B).

29. The USTR may "modify or terminate" a Section 301 action when the burden on U.S. commerce from the investigated unfair policies or practices investigated increases or decreases. The USTR may not increase the duties assessed in furtherance of Section 301 for reasons other than the acts, policies, or practices that were found to burden U.S. Commerce.

30. Section 301 actions may be modified or terminated when no longer appropriate. 19 U.S.C. § 2417(a)(1)(C). This authorization does not permit the USTR to increase an existing remedy action. Rather, it is the authorization to decrease, remove, or pause the action.

31.     Plaintiff is, therefore, entitled to a declaratory judgment that the duties imposed on products of China covered by List 3 and List 4 are *ultra vires*, contrary to law, and void *ab initio*.

## ADMINISTRATIVE PROCEDURE ACT VIOLATION

32.     The Administrative Procedure Act requires that this Court invalidate any final agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

33.     The USTR's imposition of List 3 and List 4A duties for reasons other than China's policies relating to technology transfer, intellectual property, and innovation is in excess of statutory authority and is arbitrary, capricious, improper, and abuse of discretion.

## PRAYER FOR RELIEF

Plaintiff requests that this Court enter judgment in favor of Plaintiff and:

1.     The USTR's imposition of List 3 and List 4A duties for reasons other than China's policies relating to technology transfer, intellectual property, and innovation is in excess of statutory authority and is arbitrary, capricious, improper, and abuse of discretion.

2.     Invalidate and terminate the collection of all duties under List 3 and List 4A;

3.     Vacate the Section 301 List 3 and List 4A rule making;

4.     Order Defendants to refund, with interest as provided by law, all duties paid by Plaintiff in accordance with Section 301 List 3 and List 4A;

7

5. Permanently enjoin Defendants from collecting further duties on importations by Plaintiff of merchandise from China that is included in Section 301 List 3 and List 4A;

6. Award Plaintiff interest plus its costs and reasonable attorney fees; and

7. Grant Plaintiff such other relief as may be just.

/s/ Oscar Gonzalez
Oscar Gonzalez
/s/ Ruth Rodriguez
Ruth Rodriguez
Gonzalez Rolon et al, Attorneys
2911 Turtle Creek Boulevard, #300
Dallas, Texas 75219
(469) 774-4793/(469) 774-4793

Attorneys for Plaintiff

March 23, 2022

**CERTIFICATE OF SERVICE**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I served Plaintiff's Summons and Complaint on the following parties by certified mail, return receipt requested:

| | |
|---|---|
| Attorney-In-Charge<br>International Trade Field Office<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>26 Federal Plaza<br>New York, NY 10278 | Attorney-In-Charge<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>1100 L Street, NW<br>Washington, DC 20005 |
| General Counsel Greta Peisch<br>General Counsel<br>U.S. Trade Representative<br>600 17th Street, NW<br>Washington, DC 20006 | Chief Counsel Scott K. Falk<br>U.S. Customs & Border Protection<br>1300 Pennsylvania Ave., NW<br>Washington, DC 20229 |

/s/ Oscar Gonzalez
Oscar Gonzalez